UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Adrian Marion Smith, #331894, | ) C/A No.3:09-2786-MBS-JRM |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| South Carolina Department of Corrections; Warden John McCall; Captain Melvin Boseman; Captain Tina Syphertt; Dennis Patterson, Division of Operations; Major Marsh; SCDC Classification Mr. Bellinger, | ) |
| Defendants. | ) |

The plaintiff, Adrian Marion Smith ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Manning Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint appears to name SCDC employees as defendants.[2] Plaintiff alleges that his constitutional rights were violated based upon his denial of access to the courts and arbitrary punishment and/or retaliation for filing grievances. Plaintiff seeks money damages and injunctive relief. The defendants South Carolina Department of Corrections and SCDC

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

1

Classification Mr. Bellinger should be dismissed for failure to state a claim on which relief may be granted.

*Pro Se* Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Further, the plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to

dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, a portion of the complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Background

On October 27, 2009, Plaintiff filed a complaint in this action which was virtually unreadable. On December 4, 2009, in response to this court's proper form order filed on November 16, 2009, Plaintiff submitted a readable, revised complaint. *See* Docket Entry # 1, Attachment # 3. From a review of the revised complaint, it appears that Plaintiff alleges no factual allegations against defendant Bellinger. Also, Plaintiff seeks $1 million dollars "from the South Carolina Department

3

of Corrections for violations of Adrian Marion Smith's constitutional rights that were caused by the South Carolina Department of Corrections."[3]

Discussion

"State sovereign immunity is a bedrock principle of 'Our Federalism.'" *Virginia v. Reinhard*, 568 F.3d 110, 115 (4th Cir. 2009) (citation omitted). When the States entered the Union they consented to a system of dual sovereignty and did not agree to become mere appendages of the Federal Government. *Id.* The Eleventh Amendment to the United States Constitution reflects the foundational principle of sovereign immunity because it divests this Court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a State agency or department. *See Id.* The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *E.g., Fed. Maritime Comm. v. South Carolina State Ports Auth.*, 535 U.S. 743, 747 (2002); *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000) (Congress exceeded its authority in making Age Discrimination in Employment Act [ADEA] applicable to States); *Bellamy v. Borders*, 727 F. Supp. 247, 248-250 & nn. 2-3 (D.S.C. 1989); *Coffin v. South Carolina Dep't of Soc. Serv.*, 562 F. Supp. 579, 583-585 (D.S.C. 1983); and *Belcher v. South Carolina Bd. of Corr.*, 460 F. Supp. 805, 808-809 (D.S.C. 1978). *See also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of

---

[3] Many more facts are alleged in the revised complaint. This court is not discussing those facts at this point because service of process is being authorized against defendants McCall, Boseman, Syphertt, Patterson, and Marsh, and there is no reason to discuss the facts against those defendants.

Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens).

Under *Pennhurst State Sch. & Hosp.*, a State must expressly consent to suit in a federal district court. *Id.* The State of South Carolina has not consented to suit in a federal court. *See* S.C. Code Ann. § 15-78-20(e) (1976) (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State). It is clear that the South Carolina Department of Corrections is a department of the State of South Carolina and function as an arm of the State. *See Belcher*, 460 F. Supp. at 808-809. Because Plaintiff seeks money damages from an arm of the State of South Carolina, this action is barred in this court. Accordingly, the defendant South Carolina Department of Corrections should be dismissed without prejudice based upon Eleventh Amendment immunity. *Cf. Johnson v. Ozmint*, 456 F.Supp.2d 688, 697 (D.S.C. 2006) (in a removed case, the defendant South Carolina Department of Corrections agreed that the federal court had supplemental jurisdiction over the S.C. Tort Claims Act claim).

As to defendant SCDC Classification Bellinger, the revised complaint does not contain any factual allegations against that person. Although the court must liberally construe a *pro se* complaint, the plaintiff must do more than make mere conclusory statements to state a claim. *Adams v. Rice*, 40 F.3d 72, 74-75 (4th Cir. 1994) (finding that a complaint was subject to summary dismissal because it did not contain any facts to support the claim); *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995). While the plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). *See also Francis v. Giacomelli*, No. 08-1908, – F.3d –, 2009 WL

4348830 at *4 (4th Cir. Dec. 2, 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). Because the plaintiff did not plead any factual allegations against Bellinger, the revised complaint fails to state a claim upon which relief may be granted. Thus, Bellinger should be dismissed from this action without prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Recommendation

Accordingly, it is recommended that the District Court dismiss the defendants South Carolina Department of Corrections and SCDC Classification Bellinger *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **The plaintiff's attention is directed to the important notice on the next page.**

Joseph R. McCrorey
United States Magistrate Judge

December 22, 2009
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).